**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| v. § | **CASE NO. 6:21-CR-214(1)-ADA** |
| § | |
| **LEWIS KEITH WARE** § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

### I.   PROCEDURAL BACKGROUND

The Court previously found Defendant guilty of Possession of a Firearm by a Convicted Felon Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Court sentenced the defendant to five years of probation, a $100.00 special assessment; and special conditions. The defendant began his supervision on June 12, 2024. On February 19, 2025, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his release and seeking a show-cause hearing as to why the defendant's

supervised release should not be revoked. The petition alleges the defendant violated the terms of his release in the following instances:

> **Violation Number 1:** The defendant violated his special condition, in that on or about February 7, 2025, he failed to abstain from the use of alcohol and any and all intoxicants.
>
> **Violation Number 2:** The defendant violated his mandatory condition number 1, in that on or about February 7, 2025, he committed another federal, state, or local crime during the term of supervision.

## II. FINDINGS OF THE COURT

At the hearing, the defendant pleaded TRUE to the violations. The government presented evidence that would support a finding of TRUE, by a preponderance of the evidence, as to those violations.

1) The defendant violated the conditions of his supervision as alleged in the petition.

2) The defendant was competent to make the decision to enter a plea to the allegations.

3) The defendant had both a factual and rational understanding of the proceedings against him.

4) The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5) The defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6) The defendant was sane and mentally competent to stand trial for these proceedings.

7) The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8) The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9) The defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10) The defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11) The defendant freely, intelligently, and voluntarily entered his plea to the allegations.

12) The defendant understood his statutory and constitutional rights and desired to waive them.

### III. RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's supervised release be continued on supervision. The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant shall pay the costs of such treatment if financially able.

The defendant shall not use or possess any controlled substances without a valid prescription. If a valid prescription exists, the defendant must disclose the prescription information to the probation officer and follow the instructions on the prescription. The

defendant shall submit to substance abuse testing to determine if the defendant has used a prohibited substance. The defendant shall not attempt to obstruct or tamper with the testing methods. The defendant shall pay the costs of testing if financially able. The defendant shall not use or possess alcohol. The defendant shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985);

*Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 25th day of April, 2025.

                                                          DEREK T. GILLILAND
                                                          UNITED STATES MAGISTRATE JUDGE