UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | NO: WA:21-CR-00214(1)-ADA |
| | § | |
| (1) LEWIS KEITH WARE | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the court is the above styled and numbered cause. On February 19, 2025 the United States Probation Office filed a Petition For Warrant or Summons For Offender Under Supervision for Defendant (1) LEWIS KEITH WARE, which alleged that Ware violated a condition of his supervised release and recommended that Ware's supervised release be revoked (Clerk's Document No. 49). A warrant issued and Ware was arrested. On April 10, 2025, Ware appeared before a United States Magistrate Judge, was ordered detained, and a revocation of supervised release hearing was set..

Ware appeared before the magistrate judge on April 22, 2025, waived his right to a preliminary hearing and to be present before the United States District Judge at the time of modification of sentence, and consented to allocution before the magistrate judge. Following the hearing, the magistrate judge signed his report and recommendation on April 25, 2025, which provides that having carefully considered all of the arguments and evidence presented by the Government and Defendant, based on the original offense and the intervening conduct of Ware, the magistrate judge recommends that this court

continue Ware supervised release. The magistrate judge recommends the additional following special conditions:The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant shall pay the costs of such treatment if financially able. The defendant shall not use or possess any controlled substances without a valid prescription. If a valid prescription exists, the defendant must disclose the prescription information to the probation officer and follow the instructions on the prescription. Thedefendant shall submit to substance abuse testing to determine if the defendant has used a prohibited substance. The defendant shall not attempt to obstruct or tamper with the testing methods. The defendant shall pay the costs of testing if financially able. The defendant shall not use or possess alcohol. The defendant shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption (Clerk's Document No. 63).

    A party may serve and file specific, written objections to the proposed findings

and recommendations of a magistrate judge within fourteen days after being served with a copy of the report and recommendation, and thereby secure a *de novo* review by the district court. *See* 28 U.S.C.§ 636(b); Fed. R. Civ. P. 72(b). A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a report and recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Auto Ass 'n,* 79 F.3d 1415 (5th Cir. 1996) *(en banc).* The parties in this cause were properly notified of the consequences of a failure to file objections.

On April 22, 2025, following the hearing on the motion to revoke supervised release, all parties signed a Waiver Of Fourteen Day Rule For Filing Objections To Report and Recommendation Of United States Magistrate Judge (Clerk's Document No. 60). The court, having reviewed the entire record and finding no plain error, accepts and adopts the report and recommendation filed in this cause.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of the United States Magistrate Judge filed in this cause (Clerk's Document No. 63 ) is hereby ACCEPTED AND ADOPTED by this court.

**IT IS FURTHER ORDERED** that Defendant (1) LEWIS KEITH WARE's term of supervised release is hereby CONTINUED. In addition, defendant Ware shall comply with the following special conditions:

The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant shall pay the costs of such treatment if financially able.

The defendant shall not use or possess any controlled substances without a valid prescription. If a valid prescription exists, the defendant must disclose the prescription information to the probation officer and follow the instructions on the prescription. Thedefendant shall submit to substance abuse testing to determine if the defendant has used a prohibited substance. The defendant shall not attempt to obstruct or tamper with the testing methods. The defendant shall pay the costs of testing if financially able. The defendant shall not use or possess alcohol. The defendant shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

**IT IS FURTHER ORDERED** that all prior conditions of supervised release are reimposed.

Signed this 25th day of April, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE